UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL SMITH,

    Plaintiff,

v.                                                                               Case No: 8:23-cv-2383-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER**

This is an action seeking review of the determination of the Commissioner of the Social Security Administration. The case is at issue, and in accordance with the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g), the Commissioner has filed his Answer to the Complaint by filing the certified copy of the transcript of the record before the agency. To facilitate the prompt disposition of this case by the court, the parties shall prepare and file a brief as contemplated by Rules 6, 7, and 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) in accordance with this order.

**I.    Briefing Schedule**

As provided by Supplemental Rule 6, Plaintiff must file and serve on the Commissioner a brief discussing the relief requested within 30 days after the answer is filed or 30 days after entry of an order disposing of the last remaining motion filed

under Rule 4(c), whichever is later. Pursuant to Supplemental Rule 7, the Commissioner must file a brief and serve it on Plaintiff within 30 days after service of Plaintiff's brief. Plaintiff may file a reply within 14 days after service of the Commissioner's brief pursuant to Supplemental Rule 8.

## II.  Briefing Format

The parties' briefs should generally contain the following sections listed below. The briefs must conform to the formatting and page limit requirements set forth in the Middle District of Florida's Local Rules. *See* M.D. Fla. Local R. 1.08, 3.01(a), (b), & (d).

### A. Procedural History

The parties' briefs should include a statement of the procedural history of this matter before the Social Security Administration and any previous proceedings in the federal courts, including citations to the page number(s) of the transcript or the docket number of the court file at which each decision by the Administrative Law Judge, the Appeals Council, or a federal court can be found.

### B.  Facts

The parties' briefs should include a statement of the facts relevant to the issues submitted for review.

### C. Statement of Jurisdiction

The parties' briefs should include a concise statement of the statutory or other basis of jurisdiction of this court with citations to the appropriate authority, including

whether the case arises under the Social Security, Old Age, Survivors and Disability Insurance program, 42 U.S.C. §§ 401 *et seq.*; or the Supplemental Security Income for Aged, Blind and Disabled program, 42 U.S.C. §§ 1382 *et seq.*

### D. Standard of Review

The court is familiar with the standard of review and the sequential evaluation process, so the parties should avoid boilerplate discussions of the governing legal standards. A short and plain statement of the standard of review, as stated by the United States Supreme Court or the United States Court of Appeals for the Eleventh Circuit, is sufficient.

### E. Statement of the Issues

Each party shall provide a numbered list of the issues presented for review.

### F. Argument

1. **Plaintiff's Brief**

Each claim, as identified in the Statement of the Issues, should be listed in a separate subheading and be supported by its factual basis and citation to relevant authority. Each assertion of fact must be supported by citation to the record. The court does not require extensive summaries of the record or the medical evidence. If a discussion is warranted, the relevant portion of the record should be described and argued concisely, along with pinpoint citations to the record. Any legal or factual claim not supported by citation or raised in a perfunctory or conclusory manner is considered waived.

### 2. **Commissioner's Response Brief**

The Commissioner must respond to each claim for relief in sections that correspond directly to Plaintiff's claims for relief and include citation to relevant authority. If the Commissioner fails to respond directly to a claim, the court will consider that claim unopposed. Each assertion of fact must be supported by citation to the record. The court does not require extensive summaries of the record or the medical evidence—if a particular portion of the record relates to a particular claim for relief, that portion of the record should be described and argued concisely in the relevant numbered section, along with pinpoint citations to the record.

### 3. **Plaintiff's Reply Brief**

Plaintiff's reply may only respond to legal or factual assertions raised in the Commissioner's brief. Plaintiff may assert no new legal theory or claim for relief in Plaintiff's reply brief. As with Plaintiff's brief, each assertion of law or fact must be supported by pinpoint citation.

## III. Oral Argument

Oral argument may be requested by separate motion. Motion practice under Federal Rules of Civil Procedure 12(c) (judgment on the pleadings) or Rule 56 (summary judgment) is considered inappropriate.

## IV. Extensions of Time

If the parties have not consented to the undersigned's jurisdiction in this matter, each party will receive **no more than one extension of time for a period of no more**

**than 45 days** to allow time for issuance of a Report and Recommendation, objections, responses to objections, and consideration of the Report and Recommendation by the District Judge. If the parties have consented to the undersigned's jurisdiction, further extensions will be considered, if necessary.

**ORDERED** in Tampa, Florida, on January 2, 2024.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record